J-S36016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW M. LENKIEWICZ | |
| Appellant | No. 1417 WDA 2014 |

Appeal from the Judgment of Sentence July 1, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0002533-2014
CP-02-CR-0002534-2014
CP-02-CR-0002557-2014
CP-02-CR-0003327-2014

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED JULY 06, 2015**

Appellant Matthew M. Lenkiewicz ("Appellant") appeals from the July 1, 2014 judgment of sentence in the Allegheny County Court of Common Pleas following his guilty plea for three counts of robbery (inflicts serious bodily injury)[1] at Docket Nos. CP-02-CR-0002533-2014, CP-02-CR-0002534-2014, and CP-02-CR-0002557-2104, and one count of robbery (inflicts

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(i).

bodily injury)[2] and two counts of robbery (threatens serious bodily injury)[3] at Docket No. CP-02-CR-0003327-2014. We affirm the judgment of sentence.

After police apprehended him for a six-day crime spree, Appellant pleaded guilty to the above-referenced crimes on July 1, 2014. The trial court sentenced him the same day as follows: Docket No. CP-02-CR-0002533-2014: 2.5 to 5 years' incarceration for robbery (inflicts serious bodily injury); Docket No. CP-02-CR-0002534-2014: 2.5 to 5 years' incarceration for robbery (inflicts serious bodily injury), consecutive to the sentence imposed at Docket No. CP-02-CR-0002533-2014; Docket No. CP-02-CR-0003327-2014: 2.5 to 5 years' incarceration for robbery (inflicts bodily injury), and 3 years' probation for robbery (threatens serious bodily injury), consecutive to the sentence imposed at Docket No. CP-02-CR-0002534-2014; Docket No. CP-02-CR-0002557-2014: 10 months' to five years' incarceration for robbery (inflicts serious bodily injury), consecutive to the sentence imposed at Docket No. CP-02-CR-0003327-2014.

Appellant filed a motion to reconsider sentence on July 2, 2014, which the trial court denied on July 23, 2014. Appellant timely filed a notice of

_____

[2] 18 Pa.C.S. § 3701(a)(1)(iv).

[3] 18 Pa.C.S. § 3701(a)(1)(ii).

appeal on August 22, 2014.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our consideration:

> I. Did the trial court abuse its discretion at sentencing by failing to sufficiently consider [Appellant's] history, character, condition, and rehabilitative needs, as required by 42 Pa.C.S. § 9721(b) and 42 Pa.C.S. § 9725?

Appellant's Brief, p. 9 (all capitals removed).

This claim raises a challenge to the discretionary aspects of Appellant's sentence.  "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right."  *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011).  Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.  "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis."  *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005).  "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the

Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Appellant filed a timely notice of appeal, and preserved his issues in a motion for reconsideration of sentence. Further, Appellant's brief includes a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief, pp. 16-20. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. ***See*** Pa.R.A.P. 2119(f); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super.2013) *(internal citations omitted)*; ***see also*** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." ***Id.*** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***; ***see also Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise

a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super.2013); ***see also Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); ***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim."); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 793 (Pa.Super.2001) ("Appellant's claim that the court did not consider his personal life situation of having a drug problem does not raise a substantial question"); ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super.1995) ("an allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate"); ***Commonwealth v. Lawson***, 650 A.2d 876, 881 (Pa.Super.1995) (claim that trial court ignored rehabilitative needs in imposing sentence does not constitute a substantial question for review); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa.Super.1997) (claim that trial court did not give adequate consideration to rehabilitative needs does not present a substantial question); ***Commonwealth v. Williams***, 562 A.2d 1385, 1387-88 (Pa.Super.1989) (claim that trial court should have imposed a lesser, more appropriate

sentence in light of the defendant's poor health and family situation constituted a request that this Court substitute its judgment regarding an appropriate sentence, which does not raise a substantial question). Additionally, "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." *Commonwealth v. Mouzon*, 812 A.2d 617, 623 (Pa.2002).

Here, Appellant alleges that the trial court imposed an unreasonable sentence because it failed to properly consider certain alleged mitigating factors. *See* Appellant's Brief, pp. 19-20. Appellant does not argue that the sentencing court relied upon any impermissible factors in sentencing, relied solely on the severity of the crime committed, or sentenced beyond statutory limits. Instead, he alleges that the sentencing court failed to adequately consider certain mitigating factors[4] in imposing its sentence. Accordingly, Appellant does not raise a substantial question for review.[5, 6]

_____

[4] Specifically, Appellant's history, character, condition, and rehabilitative needs. *See* Appellant's Brief, p. 19.

[5] We acknowledge that "a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 n.12 (Pa.Super.2010) (*citing* *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003) (emphasis in original). However, in this case, the trial court sentenced Appellant within the *mitigated* range of the sentencing guidelines, as discussed *infra*.

[6] To the extent Appellant's issue can be read to claim relief is warranted by virtue of the individual sentences being imposed consecutively, such a claim does not raise a substantial question for our review. *See Commonwealth*
*(Footnote Continued Next Page)*

Even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. *See generally* N.T. 7/1/2014. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). *Id.*

In imposing sentence, the trial court considered Appellant's age, level of education and criminal background, the circumstances of the crimes, the sentencing guidelines, Appellant's allocution, the arguments of counsel, and

*(Footnote Continued)* ────────────────

*v. Marts*, 889 A.2d 608, 612 (Pa.Super.2005) (claims that the consecutive nature of sentences violated the Sentencing Code also fail to raise a substantial question).

the many mitigating factors Appellant alleged it ignored. **See** N.T. 7/1/2014, pp. 3-17; **see also** 1925(a) Opinion, filed February 27, 2015, p. 5. As the court explained:

> When imposing a sentence, this [c]ourt is required to consider, among other things, the protection of the public, the gravity of the offence [sic] in relation to the impact on the victims and community and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). this [c]ourt considered Appellant's addition and need for treatment. However, this [c]ourt must also consider the fact that, even though Appellant's actions were likely based on his heroin addiction, he nonetheless went on a six[-]day crime spree involving six victims of felony robberies. Appellant[,] through his violent conduct[,] not only established his need for rehabilitation and treatment, but also the community's need to be protected from him. All sentences imposed by this [c]ourt were at or below the mitigated range of the Sentencing Guidelines. Appellant is not entitled to a volume discount at sentencing. **Commonwealth v. Robinson**, 931 A.2d 15, 24-25 (Pa.Super.2007).

**Id.** Additionally, the court sentenced Appellant to sentences at or below the mitigated range and well within the statutory maximums. **See id.** at 2-3; N.T. 7/1/2014, pp. 16-17. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Accordingly, in addition to failing to raise a substantial question for review, Appellant's excessiveness claim fails on the merits.

Judgment of sentence affirmed.

Judgment Entered.

- 8 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2015